UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARTANYAN KIETCHEL BREAUX** | **CIVIL ACTION NO. 6: 12-cv-0451** |
| **VS.** | **SECTION P** |
| **PUBLIC DEFENDER 15TH** | **JUDGE DOHERTY** |
| **JUDICIAL DISTRICT** | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff, Dartanyan Kietchel Breaux, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on February 15, 2012. Plaintiff is a pre-trial detainee at the Lafayette Parish Correctional Center ("LPCC"). He is awaiting trial on criminal charges which are pending in the Louisiana Fifteenth Judicial District Court. He complains that the Fifteenth Judicial District Public Defender's Office, and more specifically, his court appointed public defender Eric Neuman has violated Constitutional Rights under the Fifth and Sixth Amendments to the Constitution by mishandling the defense of his criminal prosecution. Plaintiff prays for monetary relief for pain and suffering and emotional distress. In a related Motion asserting a conflict of interest between the public defenders and himself [rec. doc. 6], plaintiff requests relief "enabling justice to be equally administered."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be

**DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

## Law and Analysis

**Screening**

When a prisoner files suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint and associated Motion, plaintiff has set forth specific facts which he claims entitles him to the requested relief and he has pleaded his best case. The facts alleged by plaintiff have been accepted as true for the purposes of this Report. Nevertheless, plaintiff's claims are subject to dismissal for the reasons that follow.

**Non-State Actors**

Plaintiff seeks money damages from his court-appointed public defenders, including Eric Neuman. To prevail on a civil rights claim an inmate must prove that he was deprived, under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The under "color of law" requirement, requires that the defendants in a § 1983 action must have committed the complained-of acts in the course of the performance of their duties and have misused the power that they possessed by virtue of state law and made possible only because the defendant was clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995); *Mills v. Criminal District #3*, 837 F.2d 677 (5th Cir. 1988); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed. 2d 691 (1973). Thus, they are generally not subject to suit under § 1983.

Plaintiff alleges that his court-appointed attorneys from the Fifteenth Judicial District Public Defender's Office, including Neuman, violated his constitutional rights by failing to properly assist him as counsel. His only allegations of constitutional violations against his attorneys arose out of their representation of him in a pending criminal

proceeding. Plaintiff has failed to show that his attorneys were state actors or that they were acting under color of law at the time they allegedly violated plaintiff's rights. Plaintiff's civil rights claims against his court-appointed defense attorneys from the Fifteenth Judicial District Public Defender's Office, including Neuman, should therefore be dismissed for failing to state a claim upon which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

*Habeas Corpus* **Relief**

In his related Motion, plaintiff has prayed for relief "enabling justice to be equally administered." [rec. doc. 6]. To the extent that plaintiff seeks his immediate release from custody, or the enforcement of his right to a speedy trial, he fails to state a claim for which relief may be granted. Such relief is simply not available in a civil rights action filed pursuant to § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989).

Therefore, plaintiff's §1983 complaint and related Motion, insofar as they seek his immediate release from custody or the enforcement of his speedy trial rights, must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, may seek his release, or the enforcement of his right to a speedy trial, pursuant to the provisions of 28 U.S.C. § 2241. (A pre-trial detainee's suit challenging incarceration on speedy trial grounds should be brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) *citing Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir. 1982); *see also Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

However, before seeking § 2241 *habeas corpus* relief in this court, plaintiff must first exhaust available state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488-89, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Dickerson*, 816 F.2d at 224. The exhaustion requirement is satisfied only when all grounds urged in a federal petition have been previously presented to the State's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Thus, in order to present his speedy trial claim to this court, plaintiff would have to first seek relief in the Fifteenth Judicial District Court, and then, if not satisfied, he would have to seek discretionary relief in the Third Circuit Court of Appeals and finally, the Louisiana Supreme Court. This plaintiff has not done.

Thus, even if plaintiff's complaint and related Motion may be liberally construed as a petition for federal *habeas corpus* relief, the complaint and Motion would still be subject to dismissal since it is clear that plaintiff has not fairly presented his federal claims to the Louisiana Supreme Court in a procedurally correct manner.

For the foregoing reasons;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 16th day of April, 2012.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE